**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WILLEY LOPEZ,

       Plaintiff,

v.                                                      No. CV 16-1000 CG

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Willey Lopez's *Motion To Reverse and Remand for Rehearing with Supporting Memorandum*, (Doc. 20), filed April 7, 2017; Defendant's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision*, (Doc. 23), (filed June 9, 2017); and Plaintiff's *Reply in Support of Motion to Reverse and Remand for Rehearing*, (Doc. 28), filed June 23, 2017.

In August, 2012, Mr. Lopez filed for supplemental security income (SSI) claiming back problems, paranoia, anxiety, and learning problems prevented him from working. (Administrative Record "AR" 69-70). Mr. Lopez's claim was denied initially on March 6, 2013, (AR 81), and upon reconsideration on May 3, 2013, (AR 96). Mr. Lopez requested a hearing before an administrative law judge ("ALJ"), (AR 110-12), which was held on December 18, 2014, before ALJ Barry O'Melinn, (AR 40-68). Mr. Lopez and Cornelius J. Ford, an impartial vocational expert ("VE"), testified at the hearing. (AR 40). Michael Armstrong, Mr. Lopez's attorney, represented Mr. Lopez at the hearing. (AR 40, 108).

On April 2, 2015, ALJ O'Melinn issued his decision finding that Mr. Lopez was not disabled and therefore not entitled to SSI. (AR 16-34). Mr. Lopez requested review by the Appeals Council, which denied Mr. Lopez's request, making the ALJ's decision the Commissioner's final decision for purposes of this appeal.

Mr. Lopez has appealed the ALJ's decision, arguing the ALJ committed two harmful errors in his analysis: first, by improperly rejecting the opinion of Carletta Thompson, MD, and second, by improperly evaluating Mr. Lopez's character for truthfulness rather than Mr. Lopez's symptoms. (Doc. 20 at 1). The Court has reviewed the Motion, the Response, the Reply, and relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the ALJ erred in his consideration of Dr. Thompson's opinion, the Court finds Mr. Lopez's Motion should be **GRANTED**.

## I. Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008); *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The ALJ's failure to apply the correct legal standards or demonstrate that he has done so is grounds for reversal. *Winfrey v. Chater*, 92 F.3d 1017, 1019

(10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting" it. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.   Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015), 42 U.S.C. § 1382c(a)(3)(A) (2004); 20 C.F.R. § 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five the Commissioner must show the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III.   Background

Mr. Lopez applied for SSI claiming back problems, paranoia, anxiety, and learning problems limited his ability to work. (AR 70). At step one, the ALJ found that Mr. Lopez had not engaged in substantial gainful activity. (AR 21). At step two, the ALJ determined Mr. Lopez had the following severe impairments: status post-lumbar fusion, glaucoma, headaches, anxiety, and borderline intellectual functioning disorder. (AR 21). At step three, the ALJ concluded Mr. Lopez's impairments did not, alone or in combination, meet or medically equal a listed impairment. (AR 22-24).

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

Before proceeding to step four, the ALJ found Mr. Lopez has the RFC to: lift up to 20 pounds occasionally and lift and/or carry up to 10 pounds frequently; sit and stand and/or walk up to six hours in an eight hour workday with normal breaks; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; and never climb ladders, ropes, or scaffolds. (AR 24). Further, according to the ALJ, Mr. Lopez is limited to occupations requiring only occasional far visual acuity, but he can understand, carry out, and remember simple instructions and make commensurate work-related decisions; respond appropriately to supervision, co-workers, and usual work situations; deal with routine changes in the work setting; and maintain concentration, persistence or pace for up to two hours at a time with normal breaks throughout the day. (AR 24-25). Finally, the ALJ considered Mr. Lopez "suitable for jobs involving work primarily with things and not people." (AR 24-25).

In developing Mr. Lopez's RFC, the ALJ first discussed Mr. Lopez's testimony. (AR 25). Mr. Lopez testified in part that he experiences lower back pain following surgery, has migraines twice per week, and that he gets nervous and paranoid around large crowds. (AR 25). At this point, the ALJ identified two discrepancies in Mr. Lopez's testimony. First, the ALJ thought it contradictory that Mr. Lopez said he lost one job because the company went out of business, when Mr. Lopez told an examiner he lost his job due to his criminal record. (AR 25). Second, the ALJ compared Mr. Lopez's statements about his pain on three different reports. The ALJ thought it significant Mr. Lopez stated slightly different things on November 5, 2012, and April 25, 2013. (AR 25).

The ALJ next examined a Third Party Function Report prepared by Jeanelle Bennett, Mr. Lopez's girlfriend. (AR 25-26). Ms. Bennett reported that Mr. Lopez cannot

stand for long and is in constant pain when walking; that Mr. Lopez must change positions when sitting or lying down about every 10 minutes; and that Mr. Lopez can lift 25 to 30 pounds. (AR 25-26). The ALJ gave Ms. Bennett's observations little weight, except for her observation of what Mr. Lopez can lift, because the ALJ considered them inconsistent with the record as a whole, including objective medical evidence, Mr. Lopez's treatment, his daily activities, and his statements. (AR 26). The ALJ did not identify what parts of the record Ms. Bennett's statements were inconsistent with, nor what medical evidence or other evidence Ms. Bennett contradicted.

The ALJ then exhaustively summarized medical evidence in the record. (AR 26-30). In this section, the ALJ described the medical evidence but did not specifically analyze or weigh the evidence. *Id.* Similarly, the ALJ assigned weight to various opinions but did not fully explain why. For instance, the ALJ gave the state agency opinions little weight, "since the record as a whole, including the objective medical findings and the claimant's medical treatment, establish[] that the claimant has physical impairments that are more than slight abnormalities and that have resulted in more than minimal effect on his ability to perform basic work activities." (AR 26). The ALJ did not specify what objective medical findings or aspects of treatment he relied on for this statement. Later, the ALJ gave the State agency psychiatric evaluations "significant weight" since they were "consistent with the record as a whole." (AR 29).

Regarding Carletta Thompson, M.D., the ALJ detailed her findings and evaluation of Mr. Lopez's ability to do work. (AR 28). Ultimately, the ALJ gave Dr. Thompson's opinion little weight for three reasons: Dr. Thompson only saw Mr. Lopez twice; Dr. Thompson supported her opinions with "very few objective medical findings"

and appeared to rely on Mr. Lopez's statements; and Dr. Thompson's findings were inconsistent with the record as a whole, including the objective medical evidence, Mr. Lopez's treatment, his statements, and his daily activities. (AR 28-29). Again, the ALJ did not specify or elaborate as to how or why Dr. Thompson's findings were inconsistent with the record or Mr. Lopez's treatment, statements, and daily activities.

Turning to other opinions and statements, the ALJ considered the opinions of State agency psychological consultants, which he gave "significant weight . . . since they are consistent with the record as a whole, including the objective clinical findings, the claimant's mental health treatment, and his daily activities." (AR 29). The ALJ assigned Mr. Lopez's brother's opinion "little weight" because it was also inconsistent with the record as a whole. (AR 32). Finally, the ALJ concluded Mr. Lopez was not credible. (AR 32). Throughout his decision, the ALJ highlighted inconsistencies in Mr. Lopez's statements, including his degree of pain, daily activities, and travel. (AR 25, 31-32).

At step four, the ALJ determined Mr. Lopez is capable of performing his past relevant work as a housekeeper. (AR 33). At the hearing, the VE testified that someone with Mr. Lopez's age, experience, and RFC could perform light, unskilled work as a housekeeper. (AR 33). Based on that evidence, the ALJ held that Mr. Lopez was not disabled and therefore not entitled to SSI. (AR 33-34).

**IV.   Analysis**

Mr. Lopez now argues that the ALJ erred in his "rejection" of Dr. Thompson's opinion and in his consideration of Mr. Lopez's credibility. (Doc. 20 at 1). Specifically, Mr. Lopez contends the ALJ's reasons were illegitimate and too vague to permit

7

meaningful review. (Doc. 20 at 10-12). Defendant responds broadly that the record supports the ALJ's reasons for assigning Dr. Thompson little weight and that the ALJ appropriately considered Dr. Thompson's opinion. (Doc. 23 at 9-13).

ALJs must evaluate and weigh every medical opinion in the record. 20 C.F.R. § 416.927(c); *see also* Social Security Ruling "SSR" 06-03p, 2006 WL 2329939 (Aug. 9, 2006). In deciding how much weight to give a source's opinion, the ALJ considers the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, whether the opinion is supported by objective medical evidence, and whether the opinion is consistent with the record as a whole. § 416.927(c)(1)-(6). An ALJ need not explicitly discuss every single factor. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Rather, the ALJ must only "give good reasons" that are "sufficiently specific to make clear to any subsequent reviewers the weight" he gave to the opinion "and the reasons for that weight." SSR 96-2P, 1996 WL 374188 at *5 (July 2, 1996). Put differently, the reasons must be sufficiently specific to permit meaningful review. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion."); *Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995) (reversing where ALJ listed factors considered but not specific evidence supporting conclusion).

An ALJ's reasoning is not sufficiently specific if he merely states an opinion is unsupported by or inconsistent with the medical evidence without further explanation.

*Langley*, 373 F.3d at 1122-23; see *Cagle v. Astrue*, 266 Fed. Appx. 788, 792-793 (10th Cir. 2008) (unpublished); *Wise v. Barnhart*, 129 Fed. Appx. 443, 447 (10th Cir. 2005) (unpublished); *King v. Barnhart*, 114 Fed. Appx. 968, 972 (10th Cir. 2004) (unpublished). In *Langley*, the ALJ rejected two medical opinions as unsupported by medical evidence. *Langley,* 373 F.3d at 1120, 1122 (rejecting one doctor's opinion as "'wholly unsupported'" by the record and a second doctor's as "'not supported'" by the record). However, the ALJ did not explain how the opinions were unsupported or inconsistent with the medical record. *Id.* The Tenth Circuit Court of Appeals reversed, explaining the ALJ's reasoning did not permit meaningful review. *Id.* at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings.").

In this case, Dr. Thompson evaluated Mr. Lopez twice and provided a Medical Assessment of Ability to do Work-Related Activities (Physical) (the "Assessment"). (AR 517-529; 582). In both visits, Mr. Lopez reported low back pain with radiation, cramping, and increased pain with prolonged sitting. (AR 517, 525). Both times, Dr. Thompson examined Mr. Lopez and observed "abnormal taut bands" in Mr. Lopez's lower back and positive straight-leg tests. (AR 520, 528). In December, 2014, Dr. Thompson opined that Mr. Lopez: cannot maintain physical efforts for long periods without a need to rest due to pain; can only occasionally lift less than 10 pounds and frequently lift less than five pounds; can stand or walk less than 2 hours in an 8-hour workday; can sit less than 4 hours in an 8-hour workday; has unlimited ability to push or pull; can handle and finger

repetitively but is limited in reaching in all directions; can occasionally kneel and stoop; and can never crouch or crawl. (AR 582). Finally, Dr. Thompson indicated Mr. Lopez is affected by symptoms including pain. *Id.* The Assessment repeatedly leaves blank space to answer the question "What are the medical findings supporting this opinion?" *Id.* Dr. Thompson mostly left those spaces blank, answering only that Mr. Lopez's lower back disk issues affected his manipulative and postural limitations. (AR 582).

As outlined above, the ALJ gave Dr. Thompson's opinion little weight for three reasons: Dr. Thompson only saw Mr. Lopez twice; Dr. Thompson supported her opinions with "very few objective medical findings" and appeared to rely on Mr. Lopez's statements, which the ALJ found not credible; and Dr. Thompson's findings were inconsistent with the record as a whole, including the objective medical evidence, Mr. Lopez's treatment, his statements, and his daily activities. (AR 28-29). The ALJ did not specify what evidence Dr. Thompson's opinion was inconsistent with. Rather, as he did throughout his decision, the ALJ found Dr. Thompson's record inconsistent with the record as a whole. Effectively, the ALJ all but completely rejected Dr. Thompson's opinion, as the RFC does not reflect Dr. Thompson's assessed limitations. (AR 24-25, 582).

First, the ALJ is allowed and even required to consider the length of the treatment relationship. 20 C.F.R. § 416.927(c)(2)(i). But the ALJ may not reject an opinion because of a short treatment relationship. In *Chapo v. Astrue*, the ALJ assigned little weight to a medical opinion because the physician had only a two-month long treatment relationship with the claimant. 682 F.3d 1285, 1291 (10th Cir. 2012). The Tenth Circuit held an ALJ may not reject an opinion based solely on a short treatment

relationship, since ALJs frequently rely on consultative examiners who have no treatment relationship with claimants whatsoever. *Id.* Indeed, here the ALJ gave significant weight to consultative examiners' opinions. (AR 29-30). It would be inconsistent with the holding in *Chapo* to allow the ALJ to discount Dr. Thompson's opinion because she only saw Mr. Lopez twice when the ALJ assigned significant weight to examiners who only saw Mr. Lopez once.

Second, the ALJ was allowed and required to consider whether Dr. Thompson's opinion was supported by objective evidence. 20 C.F.R. § 416.927(c)(3). However, that only partially explains the ALJ's rejection of Dr. Thompson's opinions. True, Dr. Thompson did not support all of her opinions with medical findings. (AR 582). But Dr. Thompson did support her opinions regarding Mr. Lopez's manipulative and postural limitations by citing Mr. Lopez's back surgery. *Id.* The ALJ offered no explanation why he rejected Dr. Thompson's supported opinions, and failing to do so was error. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004) (holding ALJ must discuss significantly probative evidence he chooses to reject).

Finally, the ALJ's last reason for rejecting Dr. Thompson's opinion, that it was inconsistent with the record, including Mr. Lopez's statements, is too vague for the Court to meaningfully review. As discussed, throughout his opinion the ALJ accepted or rejected opinions because he found them either consistent or inconsistent with the record as whole. Yet at no point did the ALJ specify how each opinion was consistent or inconsistent with the record; the ALJ never supported his conclusions with specific evidence. Here, as in *Langley*, the Court finds the ALJ's reasoning too vague to meaningfully review. *See* 373 F.3d at 1122-23; *Lewis v. Berryhill*, No. 16-5061, 2017

11

WL 676502 at *2 (10th Cir. Feb. 21, 2017). This reason is particularly confusing given the ALJ's earlier reasoning that Dr. Thompson's opinion was based on Mr. Lopez's subjective complaints. As Mr. Lopez points out, how can Dr. Thompson's opinion be both based on and inconsistent with Mr. Lopez's statements? The Court recognizes the possibility that Dr. Thompson's opinion may be consistent with some of Mr. Lopez's statements and inconsistent with others, but the Court is left to speculate what portions of the record the ALJ considered consistent and inconsistent with Mr. Lopez's statements.

Defendant argues that the ALJ's reasoning is legally sound and supported by substantial evidence, therefore "any arguable deficiency does not detract from the substantial evidence supporting the decision." (Doc. 23 at 9-13). Defendant cites various parts of the record in support of her contentions that Dr. Thompson's opinion is not supported by her findings, objective medical evidence, or Mr. Lopez's statements. (AR 10-11). In so doing, Defendant accomplishes what the ALJ failed to do: tie conclusions to specific evidence. The Court must review the ALJ's decision based solely on the reasons therein, *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004), and in this case the ALJ did not even cite exhibits supporting his decision. *See Endriss v. Astrue*, 506 Fed. Appx. 772, 775-76 (10th Cir. 2012). Defendant's argument is therefore unavailing.

### V.    Conclusion

For the foregoing reasons, the Court finds that the ALJ failed to follow the correct legal standards in rejecting Dr. Thompson's opinion or support that rejection with substantial evidence. Because the Court remands on this ground, the Court need not

evaluate the ALJ's assessment of Mr. Lopez's credibility, as that assessment may be mooted on remand. **IT IS THEREFORE ORDERED** that Mr. Lopez's *Motion To Reverse and Remand for Rehearing with Supporting Memorandum*, (Doc. 20), is **GRANTED**. This case is hereby **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE