**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WILLEY LOPEZ,

      Plaintiff,

v.                                                                     No. CV 16-1000 CG

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security
Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Willey Lopez's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support* (the "Motion"), (Doc. 34), filed October 23, 2017; *Defendant's Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412* (the "Response"), (Doc. 35), filed November 6, 2017; and Plaintiff's *Reply in Support of Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Reply"), (Doc. 38), filed December 5, 2017. Having reviewed the Motion, Response, Reply, and the relevant law, the Court finds that Mr. Lopez's Motion is well-taken and should be **GRANTED**.

### I. Background

In August 2012, Mr. Lopez filed an application for supplemental security income, claiming that back problems, paranoia, anxiety, and learning problems prevented him from working. (Administrative Record "AR" 69-70). His application was denied initially and upon reconsideration, (AR 81), and following a hearing before Administrative Law Judge ("ALJ") Barry O'Melinn, (AR 34). Mr. Lopez thereafter filed for review by the

Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner of the Social Security Administration (the "Commissioner").

Mr. Lopez then appealed to this Court, arguing the ALJ erred by improperly rejecting the opinion of Carletta Thompson, M.D., and by improperly evaluating Mr. Lopez's character for truthfulness rather than Mr. Lopez's symptoms. (Doc. 20 at 1). Finding that the ALJ erred in his consideration of Dr. Thompson's opinions, the Court granted Mr. Lopez's Motion and remanded the Commissioner's decision. (Doc. 32).

Mr. Lopez now moves the Court for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 34). He argues that an award of attorney's fees is appropriate because he was the prevailing party, his net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. *Id.* at 1.

**II.   Analysis**

*A. Standard of Review*

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party;' (2) the position of the United States was not 'substantially justified;' and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable

2

person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Id.*

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 Fed. Appx. 913, 916 (10th Cir. 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Human Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566, n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

### B. The Commissioner's Underlying Position and the Court's Disposition

Dr. Thompson evaluated Mr. Lopez two times and provided a Medical Assessment of Ability to Do Work-Related Activities (Physical). (AR 517-529; 582). Dr. Thompson opined that Mr. Lopez: cannot maintain physical efforts for long periods without a need to rest due to pain; can only occasionally lift less than 10 pounds and frequently lift less than five pounds; can stand or walk less than 2 hours in an 8-hour workday; can sit less than 4 hours in an 8-hour workday; has unlimited ability to push or pull; can handle and finger repetitively but is limited in reaching in all directions; can occasionally kneel and stoop; and can never crouch or crawl. (AR 582).

The ALJ gave Dr. Thompson's opinions little weight for three reasons: Dr. Thompson only saw Mr. Lopez twice; Dr. Thompson supported her opinions with "very few objective medical findings" and appeared to rely on Mr. Lopez's statements, which the ALJ found not credible; and Dr. Thompson's findings were inconsistent with the

3

record as a whole, including the objective medical evidence, and Mr. Lopez's treatment, statements, and daily activities. (AR 28-29).

The Court found that the ALJ erred in rejecting Dr. Thompson's opinions for several reasons. First, the Court explained that, while an ALJ must consider the length of a treatment relationship between a medical source and a claimant, the ALJ may not reject an opinion based solely on a short treatment relationship. (Doc. 32 at 10-11). Next, the Court held that the ALJ's finding that Dr. Thompson failed to support her opinions with objective evidence is not supported by the record. Specifically, the Court noted that Dr. Thompson supported her opinions regarding Mr. Lopez's manipulative and postural limitations by citing to records regarding Mr. Lopez's back surgery. *Id.* at 11. Finally, the Court found that the ALJ's reasoning is too vague for the Court to meaningfully review because the ALJ failed to specify how Dr. Thompson's opinions were inconsistent with the record. *Id.* at 11-12.

In response to Mr. Lopez's Motion to Reverse or Remand, the Commissioner argued that the ALJ's reasoning is legally sound and supported by substantial evidence in the record. (Doc. 23 at 9-13). The Court rejected this contention, explaining that the Court must review the ALJ's decision based solely on the reasons therein, and that the ALJ in this case did not cite to any exhibits supporting his decision. (Doc. 32 at 12) (citing *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004)).

C. *The Commissioner's Position is not and was not Substantially Justified*

The Commissioner now argues that her position below was substantially justified with regard to the ALJ's consideration of Dr. Thompson's opinions. Specifically, the Commissioner contends that the ALJ did not err in discounting Dr. Thompson's opinions

4

based on the fact that Mr. Lopez only saw Dr. Thompson two times because an ALJ may consider the number of times that a medical source examined or treated a claimant. (Doc. 35 at 4-5). The Commissioner further contends that she was substantially justified by arguing that Dr. Thompson's opinions were not consistent with medical evidence or the record as a whole, and the Commissioner cites to evidence in the record supporting the ALJ's decision. *Id.* at 5-7.

In considering the ALJ's decision regarding Dr. Thompson's opinions, the Court explained that the ALJ could not rely solely on the number of times Mr. Lopez saw Dr. Thompson. The Court relied on *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012), which held that an ALJ may not reject an opinion based solely on a short treatment relationship since ALJs frequently rely on the opinions of consultative examiners who have no treatment relationship with claimants. (Doc. 32 at 10-11). Therefore, the Court found that "[i]t would be inconsistent with the holding in *Chapo* to allow the ALJ to discount Dr. Thompson's opinions because she only saw Mr. Lopez twice when the ALJ assigned significant weight to examiners who only saw Mr. Lopez once." *Id.* at 11. Therefore, while the Commissioner is correct that the ALJ did not err in considering the number of times Dr. Thompson saw Mr. Lopez, the ALJ erred by basing her decision on a short treatment relationship, especially given the weight the ALJ assigned the consultative examiners' opinions. Accordingly, the Court finds the Commissioner's position with regard to this issue was not substantially justified.

In addition, the Court found that the ALJ incorrectly stated that Dr. Thompson's opinions were not supported by medical findings, and that the ALJ failed to specify how Dr. Thompson's opinions were inconsistent with the record. *Id.* at 11-12. The

5

Commissioner contends that her position was substantially justified because medical evidence in the record and Mr. Lopez's statements and daily activities support the ALJ's decision. (Doc. 35 at 5-7). However, the ALJ did not explain why he rejected the evidence supporting Dr. Thompson's opinions, and did not specify what evidence was inconsistent with her opinions. It is well settled that the ALJ's decision must rest on the reasons stated in the decision and the Court may not accept the Commissioner's *post hoc* attempts to rationalize the decision. *See, e.g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *Robinson*, 366 F.3d at 1084-85. This is not an area of law that is unclear or in flux. Therefore, the Court finds the Commissioner's position was not substantially justified.

### III. Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in either the underlying agency action or the subsequent litigation. Accordingly, the Court finds that Mr. Lopez is entitled to an award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Mr. Lopez's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support*, (Doc. 34), be **GRANTED** and that attorney fees in the amount of $6,795.80 be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and be made payable to Mr. Lopez. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Mr. Lopez's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund

the smaller award to Mr. Lopez pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATE MAGISTRATE JUDGE